**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**DONELL FRASER**                                                    **PETITIONER**
**Reg. #29255-058**

**V.**                          **No. 2:25-cv-00226-JM-ERE**

**C. HUMPHREY, Warden**                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. If you disagree with the RD's findings and conclusions, you may file objections, which must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On November 10, 2025, Petitioner Donell Fraser, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] *Doc. 1*. Mr. Fraser challenges the Bureau of Prison's ("BOP") "erroneous classification" of his 18 U.S.C. § 922(g) conviction as a violent offense, which he alleges "affect[s] the manner and timing of

---

[1] In 2021, Mr. Fraser pleaded guilty to possession with intent distribute methamphetamine and to being felon in possession of a firearm in the United States District Court for the Western District of Oklahoma. He was sentenced to 120 months in the BOP, followed by four years of supervised release. *Doc. 3-1*.

[his] release to prerelease custody or supervised release" under the First Step Act ("FSA"). *Doc. 1 at 2*. For relief, he asks the Court to order the BOP to remove any violent-offense designation based solely on his § 922(g) conviction and apply any earned time credits ("ETCs") for which he is eligible. *Id. at 1*.

On December 15, 2025, Respondent filed a response asserting that: (1) federal habeas jurisdiction is lacking; (2) Mr. Fraser failed to exhaust his administrative remedies; and (3) the petition is without merit. *Doc. 3*.

On January 9, 2026, Mr. Fraser filed a reply. *Doc. 7*.

For reasons that follow, the petition should be dismissed for lack of federal habeas jurisdiction.[2]

## II.    Discussion

### A.    ETCs and PATTERN Scores

The First Step Act ("FSA") includes an incentive-based program that allows prisoners to earn ETCs by participating in programs and activities aimed at reducing recidivism. 18 U.S.C. § 3632(d)(4)(A). For eligible inmates, ETCs apply toward

---

[2] I agree that federal habeas jurisdiction is lacking, but not for the reasons asserted in the response. Respondent argues that federal habeas jurisdiction is lacking because Mr. Fraser seeks transfer to pre-release custody, which would not affect the fact or duration of his incarceration and only impact where he is incarcerated. *Doc. 3 at 2-4*. However, Mr. Fraser does not necessarily seek placement in pre-release custody. Instead, he asks the Court to order the BOP to remove a violent-offender designation for purposes of his recidivism score, because it prevents his "access" to *both* pre-release custody and early transfer to supervised release. *Doc. 1 at 2*. Additionally, the record establishes that the BOP has not applied Mr. Fraser's ETCs toward his placement in pre-release custody *or* supervised release because he has yet to earn ETCs equal to the remainder of his imposed term of imprisonment. *Doc. 3-4 at 4*.

earlier placement in pre-release custody or earlier transfer to supervised release.[3] 18 U.S.C. § 3632(d)(4)(C).

All BOP inmates may earn ETCs but ETCs apply toward prelease custody or early transfer to supervised release *only if*, among other things, the prisoner has: (1) accumulated ETCs in an amount equal to the remainder of his or her prison term; and (2) demonstrated a minimum or low risk of recidivating as measured under the Prisoner Assessment Tool Targeting Estimated Risk and Needs, or "PATTERN tool." 18 U.S.C. § 3624(g); 18 U.S.C. § 3632(a).

PATTERN recidivism levels are based on several factors, including whether an inmate's offense is considered violent. *Doc. 3-4 at 5*. The BOP considers all 18 U.S.C. § 922 convictions violent offenses under the PATTERN recidivism risk assessment, which adds five points to the general score calculation and seven points to the violent score calculation. *Id. at 5, 18.*

---

[3] A prisoner's pre-release placement occurs at the latter stages of a sentence when he or she, if eligible, prepares for reintegration to society through custody in home confinement or a residential reentry center (also known as a community correctional facility). Earlier placement in prerelease custody changes only the *place* where a sentence is served; *it does not alter the fact or duration of imprisonment*. 18 U.S.C. § 3624(c) (stating that the Director of the BOP shall, to the extent practicable, ensure that a prisoner serve a portion of the final months of his term of imprisonment in prerelease custody under conditions that afford reasonable opportunity to adjust and prepare for reentry into the community).

In contrast to early placement in prerelease custody, early transfer to supervised release, a form of post-prison supervision, effectively shortens time in prison. If a prisoner's sentence includes a term of supervised release, the BOP may "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [earned] time credits . . . ." 18 U.S.C. § 3624(g)(3).

As of December 4, 2025, Mr. Fraser had earned 450 ETCs but had approximately 1414 days remaining in his term of imprisonment. *Id. at 5*. His most recent PATTERN assessment resulted in a medium recidivism risk.

### B.      Federal Habeas Jurisdiction is Lacking

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "If the prisoner is not challenging the validity of his conviction or the length of his detention . . . , then a writ of habeas corpus is not the proper remedy." *Id.*; see also *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (reaffirming that a writ of habeas corpus is not available where petitioner does not challenge his conviction or length of sentence).

In determining whether a prisoner is attacking the legality or duration of his custody, "[i]t is the substance of the relief sought which counts." *Kruger*, 77 F.3d at 1073. Mr. Fraser argues that treating § 922(g) as a violent offense for PATTERN purposes "reduc[es] access to prerelease custody and [the] application of" ETCs, and he asks the Court to order the BOP "to remove any PATTERN violent-offense flag based solely on § 922(g) and to recalculate [his] PATTERN risk score . . . ." *Doc. 1 at 2, 5*.

Based on the undisputed facts, even if § 922(g) were removed as a violent offense for purposes of PATTERN score, Mr. Fraser would remain a medium

4

recidivism risk,[4] rendering him ineligible to have ETCs applied to his sentence.[5] Because Mr. Fraser's requested relief would not necessarily result in an earlier release, federal habeas jurisdiction is lacking.[6] *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus."); *Spencer*, 774 F.3d at 469 (holding that habeas jurisdiction was lacking where petitioner did not seek a remedy that would result in earlier release).

---

[4] Without the § 922(g) points, Mr. Fraser would have 46 general points and 23 violent points. The range for medium recidivism is 40-54 for general points and 25-31 for violent points. *Doc. 3-4 at 5*. "A person's overall PATTERN score is the higher number of their General or Violent Score." *Vang v. Eischen*, No. 23-CV-721 (JRT/DLM), 2023 WL 5417764, at *2 (D. Minn. Aug. 1, 2023), report and recommendation adopted, 2023 WL 5403793 (D. Minn. Aug. 22, 2023). Thus, Mr. Fraser's recidivism risk would not change even if he were granted the relief requested in his petition.

[5] Among other things, to be placed in pre-release custody or supervised release "the prisoner [must have] been determined under the System to be a *minimum or low risk* to recidivate . . . *or* get the warden's approval." 18 U.S.C. § 3624(g)(1)(D) (emphasis added).

[6] Mr. Fraser's petition is subject to dismissal even if the merits were addressed. See *Green v. Hudson*, No. 23-3141, 2024 WL 960497, at *2 (10th Cir. Mar. 6, 2024) ("The Bureau had discretion to consider unlawful possession of a firearm as violent when assessing the risk of recidivism."); *Conley v. Healy*, No. 5:24-CV-1430, 2025 WL 1736695, at *2 (N.D. Ohio June 23, 2025) ("[T]he parameters used to determine [the petitioner's] PATTERN risk assessment score—including which offenses are subject to a heightened risk scoring as "crimes of violence"—are entirely within the discretion of the BOP and not subject to judicial review."); *Stewart v. Warden, FCI Danbury*, No. 24-CV-1553 (VDO), 2025 WL 3180503, at *2 (D. Conn. Nov. 14, 2025) (same) (citing cases); *Harris v. Holzapfel*, No. 5:23-CV-00610, 2025 WL 769606, at *11 (S.D. W. Va. Feb. 14, 2025) ("[T]he BOP's determination that a § 922(g)(1) conviction is a crime of violence for purposes of the PATTERN risk assessment system is a permissible action made within the discretion granted to the BOP under the FSA's unambiguous statutory language.").

## III.   Conclusion

IT IS THEREFORE RECOMMENDED that Donell Fraser's petition for writ of habeas corpus (*Doc. 1*) be DISMISSED, WITHOUT PREJUDICE, for lack of subject matter jurisdiction.

Dated 12 February 2026.

_____
UNITED STATES MAGISTRATE JUDGE